UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 11-110-HRW

JEFF VICKERS,                                                              PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on September 25, 2001, alleging disability beginning on February 15, 2007, due to lower back pain, problems walking, memory loss and Hepatitis C (Tr. 115-123, 124-128, 163).

This application was denied initially and on reconsideration (Tr. 53-56).

On August 20, 2009, an administrative video hearing was conducted by Administrative Law Judge Gloria B. York (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Betty L. Hale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On October 30, 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 15-25).

Plaintiff was 49 years old at the time of the hearing decision. He has a GED and his past relevant work consists of employment as a mover, truck driver and laborer for a printing company(Tr. 164, 169).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic low back pain with degenerative disc disorder, Hepatitis C under no treatment, dysthymia and polysubstance development, which he found to be "severe" within the meaning of the Regulations (Tr. 18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18-19).

The ALJ further found that Plaintiff could return to his past relevant work as a laborer for a printing company(Tr. 23-24).

The ALJ also determined that he has the residual functional capacity ("RFC") to perform a range of light work with certain exceptions:

3

> [h]e can lift and carry 20 pounds occasionally and 10
> pounds frequently and stand and walk six hours out of
> eight but has a minimal limitation in his ability to
> understand, remember, and carry out short, simple,
> instructions; a mild (or less than occasionally occurring)
> ability to understand, remember and carry out detailed
> instructions; a mild to moderate
> (occasionally occurring) limitation in
> his ability to interact appropriately with the
> public, supervisors, and co-workers; a moderate
> limitation in his ability
> to respond appropriately to wok pressures in a usual
> work setting; and a mild limitation in the ability to
> respond appropriately to changes in a routine work
> setting.

(Tr. 20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 16, 2011 (Tr. 1-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 14] and this matter is ripe for decision.

4

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ improperly discounted the opinion of Plaintiff's treating psychiatrist, Thor Tangvald, M.D., in formulating the RFC.

5

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The record contains a July 2009 assessment from Dr. Thor in which he suggested extreme limitations in Plaintiff's ability to perform work activity due to his mental impairments. He opined that that Plaintiff had poor ability to relate to coworkers,
and no ability to follow work rules, deal with the
public, use judgment, interact with supervisors, function
independently, maintain attention and concentration, or persist
at a work-like task (Tr. 520). Dr. Thor also concluded that Plaintiff had poor ability to understand, remember, and carry out simple and detailed instructions, and no ability to understand,
remember, and carry out complex instructions (Tr. 521). Finally,
he found that Plaintiff had poor ability to maintain a personal
appearance, behave in an emotionally stable manner, relate

6

predictably in social situations, and demonstrate reliability (Tr. 521).

The ALJ gave little weight to this opinion (Tr. 23). First, the ALJ noted that Dr. Thor's opinion is not supported by his own treatment notes. Indeed, his notes consistently describe Plaintiff as cooperative, alert and oriented (Tr. 506, 508, 510, 511, 512 and 516) and his behavior appropriate (Tr. 508). These observations undercut Dr. Thor's assessment of disabling mental impairment.

Further, as the ALJ found, Dr. Thor's opinion is not supported by the other opinions of record. No other physician has suggested that Plaintiff's mental impairment would preclude work activity.

Finally, the ALJ considered Plaintiff's testimony and demeanor. Plaintiff testified that he is involved in caring for his three grandchildren, of whom he has custody (Tr. 42). Plaintiff also testified that he helps them with homework and sees that the youngest child gets on the school bus in the morning (Tr. 42, 43). The ALJ also noted that during the 45 minute hearing, Plaintiff was able to maintain attention and concentration and answered all questions appropriately (Tr. 23). Plaintiff's testimony and behavior at the hearing contradict Dr. Tangvald's opinion that Plaintiff has poor to no ability in most areas of psychological functioning.

Dr. Thor's suggestion that Plaintiff has no ability in most areas pf

7

psychological function is simply not supported by the medical evidence of record. Therefore, the Court finds no error in the ALJ's consideration, and ultimate rejection, of it.

Plaintiff asserts that the ALJ erred in three additional aspects: 1) finding that Plaintiff's polysubstance abuse is a severe impairment, 2) finding that Plaintiff can perform his past relevant work, and 3) finding that Plaintiff can perform other jobs in the national economy. However, Plaintiff provides only cursory arguments in support of these assignments of error, which is little more than a recitation of portions of the ALJ's decision and the record. The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in his brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006). "Issues adverted to in a perfunctory manner, unaccompanied by some

8

effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted). *See also, United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of May, 2012.



Henry R. Wilhoit, Jr., Senior Judge